UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:20-cv-00100-LLK

**STEPHANIE CHERYL LAMB**                                                                                      **PLAINTIFF**

**v.**

**KILOLO KIJAKAZI, Acting Commissioner of Social Security**                              **DEFENDANT**

**MEMORANDUM OPINION AND REMAND ORDER**

This matter is before the Court on the Commissioner's motion for judgment under Sentence 4 of 42 U.S.C. § 405(g), remanding this matter to the Commissioner for a new decision and further administrative proceedings, to which Plaintiff responded in opposition. [Docket Number ("DN") 24, DN 25]. The parties have consented to the jurisdiction of the undersigned Magistrate Judge to determine this case, with any appeal lying before the Sixth Circuit Court of Appeals. [DN 10].

For the reasons below, the Court will GRANT the Commissioner's motion, [DN 24], and will REMAND this matter to the Commissioner for a new decision and any further administrative proceedings deemed necessary and appropriate by the Commissioner.

**Discussion**

A Sentence 4 remand is a "post-judgment remand; a case is remanded to the [Commissioner] in conjunction with a final 'judgment affirming, modifying, or reversing the [Commissioner's final] decision.'" *Faucher v. Sec'y of Health & Hum. Servs.*, 17 F.3d 171, 175 (6th Cir. 1994) (quoting Sentence 4).

When a plaintiff refuses the Commissioner's offer of a Sentence 4 remand for further administrative proceedings and argues a remand for a judicial award of benefits is warranted, the district court must determine whether "all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Inman v. Comm'r of Soc. Sec.*, 920 F. Supp. 2d 861, 867 (S.D. Ohio 2013) (quoting *Faucher*, 17 F.3d at 176)). A "judicial award of benefits is proper

1

only where the proof of disability is overwhelming or where the proof of disability is strong and evidence to the contrary is lacking." *Faucher*, 17 F.3d at 176.

Plaintiff argues that the evidence of disability is overwhelming in light of the medical opinions of her treating neurologist, Rachel Korson, M.D., and of the Commissioner's one-time examining psychologist, Sarah Kerrick, Psy.D.

However, Plaintiff filed her applications for benefits on May 31, 2018. [DN 25 at 2]. Therefore, the old rules for weighing medical opinions at 20 C.F.R. §§ 404.1527 and 416.927 do not apply. *Compare* 20 C.F.R. § 404.1527(c)(2) (2020) ("For claims filed before March 27, 2017, the rules in this section apply."), with 20 C.F.R. § 404.1520c (2020) ("For claims filed on or after March 27, 2017, the rules in this section apply."). Under the new rules, "[w]e will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) ..., including those from your medical sources." 20 C.F.R. § 404.1520c(a). Therefore, the ALJ was not required to give Dr. Korson's medical opinion "controlling weight." 20 C.F.R. § 404.1527(c)(2). Nor was the ALJ required to give particularly "good reasons" in her written decision for the weight given to his opinion. Id.

Plaintiff cites and the Court finds no authority for a judicial award of benefits under the new rules based on the opinion of a treating physician or the opinion of the Commissioner's one-time examining psychologist.

## Remand Order

Therefore, the Commissioner's motion, [DN 24], is hereby GRANTED, and this matter is REMANDED to the Commissioner for a new decision and any further administrative proceedings deemed necessary and appropriate by the Commissioner.

July 23, 2021

Lanny King, Magistrate Judge
United States District Court